**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Rodger Atwood, II

      v.                                     Case No. 22-cv-526-JL

FCI Berlin Warden

**REPORT AND RECOMMENDATION**

Rodger Atwood, II, was a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") when he filed this petition for a writ of habeas corpus (Doc. No. 1) under 28 U.S.C. § 2241.  In his petition (Doc. No. 1) and in his first motion for emergency injunctive relief (Doc. No. 2), Mr. Atwood challenged the BOP's calculation of his First Step Act earned time sentencing credits, sought immediate release from BOP custody, and asked this court to shorten his term of supervised release to compensate for excess time he has served.

In his second motion for emergency injunctive relief (Doc. No. 6), Mr. Atwood claimed that the BOP had revoked his December 8, 2022 date of furlough or release to a halfway house in retaliation for his filing of this petition.  He asked this court to order the BOP to restore that December 8, 2022 halfway house placement on an emergency basis.

The respondent filed a motion thereafter stating that on December 12, 2022, the BOP released Mr. Atwood from BOP custody

altogether, mooting his claims.  Mr. Atwood's petition and his two motions for emergency injunctive relief (Doc. Nos. 1, 2, 6), as well as the respondent's motion to dismiss for mootness (Doc. No. 9), are before this court.

A prisoner's release from BOP custody moots his § 2241 petition challenging the calculation of his time credits and the length of the imprisonment component of his sentence.  See Francis v. Maloney, 798 F.3d 33, 38 (1st Cir. 2015).  This court cannot backdate the date of a prisoner's actual release to compensate for excess time served or shorten his term of supervised release.  See id. at 39.  Furthermore, a prisoner's "challenge to prison conditions or policies is generally rendered moot by his transfer or release," and "'absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim'" for injunctive relief.  Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014) (citation omitted).

Because of Mr. Atwood's December 12 release from BOP custody, this court cannot order the adjustment of his sentence credits, shorten his term of supervised release, or reinstate his December 8 date of furlough or release to a halfway house as a remedy. Accordingly, the district judge should grant the respondent's motion to dismiss and deny Mr. Atwood's § 2241 petition and motions for emergency injunctive relief as moot.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that the district judge grant the respondent's motion to dismiss for mootness (Doc. No. 9) and deny the petitioner's § 2241 petition (Doc. No. 1) and his motions for emergency relief (Doc. Nos. 2, 6) as moot.  The district judge should direct the Clerk to enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  The objection period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

January 19, 2023

cc:  Rodger Atwood, II, pro se
     Seth R. Aframe, Esq.